

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

[28] GABRIEL SOTO-RIVERA,
Defendant.

CASE NO. 12-333(FAB)

**PLEA AGREEMENT**
(Pursuant to Rule 11(c)(1)(B) FRCP)

TO THE HONORABLE COURT:

COMES NOW the United States of America through its counsel Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; José Ruíz, Assistant United States Attorney, Chief, Criminal Division; Timothy Henwood, Assistant U.S. Attorney, Deputy Chief, Narcotics Unit; Michael C. Baggé, Assistant U.S. Attorney; Olga B. Castellón-Miranda, Assistant U.S. Attorney; Defendant's counsel, Edgar L. Sanchez-Mercado, Esq.; and Defendant Gabriel Soto-Rivera, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

The Defendant agrees to plead guilty to COUNT ONE of the Superseding Indictment. Count One charges that beginning on a date unknown, but no later than in or about the year 2007, and continuing up to and until the return of the instant Superseding Indictment, in the Municipality of San Sebastian and other areas nearby, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, **Gabriel Soto-Rivera**, the Defendant herein, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse

USA v. Gabriel Soto-Rivera, Criminal No. 12-333(FAB)
Plea Agreement
Page 2

other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of two-hundred and eighty (280) grams of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (I) kilogram of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of marijuana, a Schedule I, Controlled Substance; and a mixture or substance containing detectable amounts of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (I ,000) feet of the real property comprising the San Andres and Andres Mendez Liciaga "Mendez Liciaga" Public Housing Projects, housing facilities owned by a public housing authority and other areas nearby and within the Municipality of San Sebastian, Puerto Rico. All in violation of Title 21, United States Code, Sections 841(a)(l), 846 and 860.

2.   **MAXIMUM PENALTIES**

The penalty for the offense charged in COUNT ONE of the Superseding Indictment is a term of imprisonment of not less than ten (10) years or more than life and a fine not to exceed $10,000,000.00, a term of supervised release of at least five (5) years, all pursuant to Title 21, United States Code, Section 841(b)(1)(A). In accordance with Title 21, United States Code, Section 860, the maximum penalties would be twice that of Section 841, and at least twice the term of supervised release authorized by Section 841.

However, based on the stipulated and agreed amount of narcotics possessed by the defendant, that is, at least five hundred (500) grams but less than two (2) kilograms of cocaine, the penalty for the offense shall be, a term of imprisonment of not less than five (5) years and not more than forty (40) years, a fine not to exceed $5,000,000.00, and a term of supervised release

USA v. Gabriel Soto-Rivera, Criminal No. 12-333(FAB)
Plea Agreement
Page 3

of at least four (4) years, all pursuant to Title 21, United States Code, Section 841(b)(1)(B). However, in accordance with Title 21, United States Code, Section 860, the maximum penalties would be twice that of Section 841(b)(1(B), and at least twice the term of supervised release authorized by Section 841(b)(1)(B).

3.   APPLICABILITY OF SENTENCING GUIDELINES

Defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines, Title 18 United States Code, Section 3551, *et seq.* (hereinafter Guidelines), which are now advisory. Further, the Defendant acknowledges to be aware that parole has been abolished and the imposition of a sentence may not be suspended.

4.   SPECIAL MONETARY ASSESSMENT

Prior to Defendant's change of plea hearing, the Defendant shall pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction.



5.   FINES AND RESTITUTION

The Defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order the Defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also the Court may impose restitution. As part of this Plea Agreement, the Defendant agrees to produce complete information regarding all restitution victims and Defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines or restitution.

6.   RULE 11(e)(1)(B) WARNINGS

The Defendant is aware that the Defendant's sentence is within the sound discretion of the sentencing judge and the advisory Sentencing Guidelines (including the Guidelines Policy

USA v. Gabriel Soto-Rivera, Criminal No. 12-333(FAB)
Plea Agreement
Page 4

Statements, Application, and Background Notes). The Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and/or recommendations contained herein. Defendant specifically acknowledges and admits that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the Defendant pleads guilty. Defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report. Should the Court impose a sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

7. **SENTENCING GUIDELINES CALCULATIONS**

Although the Guidelines are now advisory, United States v. Booker, 125 S.Ct. 738, 744, 160 L.Ed.2d 621 (2005), makes clear the sentencing court is required to consider the Guidelines "sentencing range established for...the applicable category of offense committed by the applicable category of defendant" in imposing sentence. Booker, 125 S.Ct. At 744. Therefore, the United States and the Defendant submit the following advisory Sentencing Guidelines calculations as to COUNT ONE:

  a. BASE OFFENSE LEVEL: The Base Offense Level shall be twenty-six (26) pursuant to U.S.S.G. s. 2D1.1(c)(7). The Defendant accepts responsibility for at least five hundred (500) grams but less than two (2) kilograms of cocaine.

  b. PROTECTED LOCATION: Two level (2) increase pursuant to U.S.S.G. § 2D1.2(a)(1).

USA v. Gabriel Soto-Rivera, Criminal No. 12-333(FAB)
Plea Agreement
Page 5

c.   ACCEPTANCE OF RESPONSIBILITY: Should Defendant clearly demonstrate acceptance of responsibility for the offense, Defendant's based offense level shall be reduced by three (3) levels, pursuant to U.S.S.G. § 3E1.1.

| PLEA AGREEMENT SENTENCING GUIDELINES CALCULATION TABLE | |
|---|---|
| COUNT ONE<br>Title 21, U.S.C., § 846 | |
| BASE OFFENSE LEVEL [U.S.S.G. § 2D1.1(c)(7)] at least five hundred (500) grams but less than two (2) kilograms of cocaine | 26 |
| Protected Location [U.S.S.G. § 2D1.2(a)(1)] | +2 |
| Acceptance of Responsibility pursuant to [U.S.S.G. § 3E1.1] | -3 |
| TOTAL OFFENSE LEVEL | 25 |

d.   SENTENCE RECOMMENDATION: The parties agree to recommend that the Defendant be sentenced to a term of imprisonment of sixty (60) months. If the Defendant is a Criminal History Category II or higher, then the parties agree that the Defendant will be sentenced at the lower end of the applicable guideline range. Any recommendation other than what is stated herein would constitute a breach of the plea agreement. *The sentence will be served concurrently with the sentence in case number ALA-2012-G0075 before the Commonwealth Court of First Instance, Aguadilla Division.*

8.   WAIVER OF APPEAL

The defendant knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that the defendant is sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provisions of this Plea Agreement.

9.   NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and the Defendant agree that no further adjustment or departures to the Defendant's base offense level shall be sought by the parties.

*[handwritten initials in left margin: GSR, TSM]*

USA v. Gabriel Soto-Rivera, Criminal No. 12-333(FAB)
Plea Agreement
Page 6

**10. SATISFACTION WITH COUNSEL**

The Defendant represents to the Court to be satisfied with Defendant's counsel, and indicates that counsel has rendered effective legal assistance.

**11. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this agreement, Defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If the Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the Defendant, the United States and the judge agree.



b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The Defendant and the Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, that it could not convict the Defendant unless, after hearing all the evidence, it was persuaded of the Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the Defendant. The Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, the Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for the Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the Defendant's refusal to testify. If the Defendant desired to do so, the Defendant could testify on the Defendant's own behalf.




12. **DISMISSAL OF REMAINING COUNTS:**

At sentencing, the United States shall request the dismissal of the remaining counts of the Superseding Indictment.

13. **STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

14. **LIMITATIONS OF PLEA AGREEMENT**

This plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the Defendant; it does not bind any other federal district, state or local authorities

USA v. Gabriel Soto-Rivera, Criminal No. 12-333(FAB)
Plea Agreement
Page 8

### 15. ENTIRETY OF PLEA AGREEMENT

This written agreement constitutes the complete Plea Agreement between the United States, the Defendant, and the Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

### 16. AMENDMENTS TO PLEA AGREEMENT

No other promises, terms, conditions will be entered unless in writing, signed by all parties.

### 17. VOLUNTARINESS OF GUILTY PLEA

The Defendant acknowledges that no threats have been made against the Defendant and that the Defendant is pleading guilty freely and voluntarily because the Defendant is guilty.




### 18. FORFEITURE AGREEMENT

The Defendant agrees to identify all assets over which the Defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the Defendant has or had during that time any financial interest, related to drug trafficking acts included in the present case. The Defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the Defendant, which represent proceeds of the drug trafficking acts charged. Defendant agrees to forfeit to the United States all of the Defendant's interests in any asset of a value of more than $1,000 that, within the last five years, the Defendant owned, or in which the Defendant maintained an interest, the ownership of which the Defendant fails to disclose to the United States in accordance with this agreement.

1. The Defendant agrees to forfeit all interests in any laundered illegal proceeds in U.S. Currency related asset as fully described in the present agreement:

   a. The Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.



   b. The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

      i.      As part of the plea agreement, Defendant agrees to forfeit, joint and severally along with the other co-defendants, the sum of five million ($5,000,000.00) in United States Currency. The Defendant shall have a monetary judgment imposed for the aforementioned amount on the day of sentencing to pay the forfeiture.

2.      The Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he/she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise the Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

3.      The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

4.      Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property

pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

RESPECTFULLY SUBMITTED.
ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

_____
José Ruiz Santiago
Assistant U.S. Attorney
Chief, Criminal Division
Dated 12/13/12

_____
Timothy Henwood
Assistant U.S. Attorney
Deputy Chief, Narcotics Unit
Dated: 12/13/12

_____
Michael C. Baggé
Assistant U.S. Attorney
Dated: 12/13/12

_____
Edgar L. Sanchez-Mercado, Esq.
Counsel for Defendant
Dated: 12/13/12

_____
Gabriel Soto-Rivera
Defendant
12/13/12

_____
Olga B. Castellón-Miranda
Assistant U.S. Attorney
Dated: 12·11·2012

I have consulted with my counsel and fully understand all of my rights with respect to the Superseding Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with your attorney. My counsel has translated the plea agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 12/13/12

Gabriel Soto-Rivera
Defendant

I am the attorney for the Defendant. I have fully explained to the Defendant his rights with respect to the pending Superseding Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to the Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 12/13/12

Edgar L. Sanchez-Mercado, Esq.
Counsel for Defendant

## STATEMENT OF FACTS

The Defendant agrees to plead guilty to COUNT ONE of the Superseding Indictment and agrees that the United States would prove at trial that beginning on a date unknown, but no later than in or about the year 2007, and continuing up to and until the return of the instant Superseding Indictment, in the Municipality of San Sebastian and other areas nearby, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, the Defendant did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of two-hundred and eighty (280) grams of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of marijuana, a Schedule I, Controlled Substance; and a mixture or substance containing detectable amounts of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of the real property comprising the San Andres and Andres Mendez Liciaga "Mendez Liciaga" Public Housing Projects, housing facilities owned by a public housing authority and other areas nearby and within the Municipality of San Sebastian, Puerto Rico. All in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 860.

The object of the conspiracy was to distribute controlled substances at the San Andres Public Housing Project, commonly known as "El Condo", and Andres Mendez Liciaga Public Housing Project, commonly known as "El Caserio" and other areas nearby and within the Municipality of San Sebastian, Puerto Rico, all for significant financial gain and profit.

Defendant acknowledges that it was foreseeable that the conspiracy involved five (5) kilograms or more of cocaine.

Furthermore, the Defendant has been a seller at the drug point for several years. Defendant sold heroin, cocaine and marijuana at the drug point. Defendant would help the conspiracy by packaging narcotics and preparing them for their sale and distribution.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in COUNT ONE of the Superseding Indictment by presenting physical and documentary evidence, photographs, audio and video recordings, testimony of forensic chemists as expert witnesses, as well as the testimony of law enforcement agents among others. Full discovery has been provided to the Defendant.

_____
Michael C. Baggé
Assistant U.S. Attorney
Dated: 12/13/12

_____
Edgar L. Sanchez-Mercado, Esq.
Counsel for Defendant
Dated: 12/13/12

_____
Olga B. Castellón-Miranda
Assistant U.S. Attorney
Dated: 12-11-2012

_____
Gabriel Soto-Rivera
Defendant
Dated: 12/13/12