```
 1
 2                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF PUERTO RICO
 3

 4     THE UNITED STATES OF AMERICA,)
                                    )
 5                    Plaintiff,    )    Case No: 12-CR-333 (FAB)
                                    )
 6     vs.                          )    CHANGE OF PLEA HEARING
                                    )
 7     ABIMAEL DE JESUS-SOTO,       )
       JOSE MARTINEZ-PADILLA and    )
 8     GABRIEL SOTO-RIVERA,         )
                                    )
 9                    Defendants.   )

10     _____

11
                  TRANSCRIPT OF CHANGE OF PLEA HEARING
12                          HELD BEFORE
              THE HONORABLE JUDGE FRANCISCO A. BESOSA
13                  Thursday, December 13, 2012

14     _____

15                      A P P E A R A N C E S
16

17     For the United States:

18             Ms. Maritza Gonzalez-Rivera, AUSA

19
       For Defendant De Jesus-Soto:
20
               Mr. Frank D. Inserni-Milam, Esq.
21
       For Defendant Martinez-Padilla:
22
               Mr. Luis A. Guzman-Dupont, Esq.
23
       For Defendant Soto-Rivera:
24
               Mr. Edgar L. Sanchez-Mercado, Esq.
25
```

1             (PROCEEDINGS ADJOURNED AT 3:45 P.M.)

2

3             THE CLERK:  Criminal 12-333, the United States of

4    America versus Abimael De Jesus-Soto, Jose Martinez-Padilla

5    and Gabriel Soto-Rivera for change of plea hearing.

6             On behalf of the Government, Assistant U.S.

7    Attorney Maritza Gonzalez-Rivera.  On behalf of Defendants,

8    Attorneys Frank D. Inserni-Milam, Luis A. Guzman-Dupont and

9    Edgar L. Sanchez-Mercado.

10            Defendants are present and assisted by the court

11   interpreter.

12            MS. GONZALEZ:  Maritza Gonzalez, Your Honor.  We

13   are ready to proceed.

14            MR. SANCHEZ:  Good afternoon, Your Honor.  Edgar

15   Sanchez-Mercado.  We are ready to proceed.

16            MR. INSERNI:  Frank Inserni-Milam on behalf of

17   Mr. De Jesus-Soto.

18            MR. GUZMAN:  Good afternoon, Your Honor.  Attorney

19   Luis Guzman-Dupont on behalf of Mr. Jose Martinez-Padilla.

20            THE COURT:  Before we start, counsel, may we take

21   all these three pleas at the same time?

22            MR. SANCHEZ:  We can, Your Honor.

23            MR. INSERNI:  No objection, Your Honor.

24            MR. GUZMAN:  No objection, Your Honor.

25            THE COURT:  Please take the Defendants' oath.

1              **ABIMAEL DE JESUS-SOTO,**

2                 after having been first duly

3                 sworn upon oath, was examined

4                  and testified as follows:

5

6              **JOSE MARTINEZ-PADILLA,**

7                 after having been first duly

8                 sworn upon oath, was examined

9                  and testified as follows:

10

11             **GABRIEL SOTO-RIVERA,**

12                after having been first duly

13                sworn upon oath, was examined

14                 and testified as follows:

15

16         THE COURT:  Gentlemen, because there are three of

17   you and we want to keep the record straight, when I ask

18   questions directed to all of you, I would like Mr. De Jesus

19   to answer first, then Mr. Martinez, and finally Mr. Soto.

20         There will be questions directed at you

21   individually, and I will tell you when that happens.

22         Does everybody understand that?

23   DEFENDANT MARTINEZ:  Yes.

24         THE COURT:  No, you don't.  I want Mr. De Jesus to

25   answer first, then Mr. Martinez, and then Mr. Soto.  Do you

1       understand that?

2                   DEFENDANT DE JESUS:  Yes.

3                   DEFENDANT MARTINEZ:  Yes.

4                   DEFENDANT SOTO:  Yes.

5                   THE COURT:  Gentlemen, I have here your petitions

6       to enter pleas of guilty.  Before I accept your pleas,

7       however, I have to make an independent determination that

8       each of you is competent to make your plea and that your

9       petition is completely voluntary.  Do all of you understand

10      that?

11                  DEFENDANT DE JESUS:  Yes.

12                  DEFENDANT MARTINEZ:  Yes.

13                  DEFENDANT SOTO:  Yes.

14                  THE COURT:  Do all of you understand that you are

15      now under oath?

16                  DEFENDANT DE JESUS:  Yes.

17                  DEFENDANT MARTINEZ:  Yes.

18                  DEFENDANT SOTO:  Yes.

19                  THE COURT:  If you answer any of my questions

20      falsely, your answers may later be used against you in a

21      prosecution for perjury or for making a false statement.  Do

22      all of you understand that?

23                  DEFENDANT DE JESUS:  Yes.

24                  DEFENDANT MARTINEZ:  Yes.

25                  DEFENDANT SOTO:  Yes.

1           THE COURT:  Mr. De Jesus, what is your full name?

2           DEFENDANT DE JESUS:  Abimael De Jesus-Soto.

3           THE COURT:  And how old are you?

4           DEFENDANT DE JESUS:  30.

5           THE COURT:  How far did you go in school?

6           DEFENDANT DE JESUS:  Up to eleventh grade.

7           THE COURT:  Mr. Martinez, what is your full name?

8           DEFENDANT MARTINEZ:  Jose A. Martinez-Padilla.

9           THE COURT:  How old are you?

10          DEFENDANT MARTINEZ:  32.

11          THE COURT:  How far did you go in school?

12          DEFENDANT MARTINEZ:  Senior year.

13          THE COURT:  Did you graduate from high school?

14          DEFENDANT MARTINEZ:  Placement exams.

15          THE COURT:  Mr. Soto, what is your full name?

16          DEFENDANT SOTO:  Gabriel Soto-Rivera.

17          THE COURT:  How old are you?

18          DEFENDANT SOTO:  22.

19          THE COURT:  How far did you go in school?

20          DEFENDANT SOTO:  I finished my senior year.

21          THE COURT:  Have any of you been treated for any

22     type of mental illness?

23          DEFENDANT DE JESUS:  No.

24          DEFENDANT MARTINEZ:  No.

25          DEFENDANT SOTO:  No.

```
1              THE COURT:  Have any of you been treated for any

2      type of addiction to narcotic drugs?

3              DEFENDANT DE JESUS:  No.

4              DEFENDANT MARTINEZ:  Yes.

5              DEFENDANT SOTO:  No.

6              THE COURT:  Mr. Martinez, for what drug were you

7      treated?

8              DEFENDANT MARTINEZ:  Cocaine and marijuana.

9              THE COURT:  And when did this treatment take

10     place?

11             DEFENDANT MARTINEZ:  In '99 when I was in jail in

12     state prison.

13             THE COURT:  Did you complete that treatment?

14             DEFENDANT MARTINEZ:  That's right.

15             THE COURT:  Have you used cocaine, marijuana or

16     any other drug since then?

17             DEFENDANT MARTINEZ:  No.

18             THE COURT:  Do you feel okay today?

19             DEFENDANT MARTINEZ:  That's right.  Thank God.

20             THE COURT:  Can you make a knowing and voluntary

21     plea today without any problem?

22             DEFENDANT MARTINEZ:  That's right.

23             THE COURT:  Are any of you currently under the

24     influence of any type of narcotic drug today?

25             DEFENDANT DE JESUS:  No.
```

```
 1                    DEFENDANT MARTINEZ:  No.

 2                    DEFENDANT SOTO:  No.

 3                    THE COURT:  Are any of you taking any type of

 4       medication?

 5                    DEFENDANT DE JESUS:  No.

 6                    DEFENDANT MARTINEZ:  No.

 7                    DEFENDANT SOTO:  No.

 8                    THE COURT:  Are any of you currently or have you

 9       drunk any alcoholic beverage within the last 24 hours?

10                    DEFENDANT DE JESUS:  No.

11                    DEFENDANT MARTINEZ:  No.

12                    DEFENDANT SOTO:  No.

13                    THE COURT:  Gentlemen, what is it you want to do

14       here today in court?

15                    DEFENDANT DE JESUS:  Plead guilty.

16                    DEFENDANT MARTINEZ:  Plead guilty.

17                    DEFENDANT SOTO:  Accept my guilt.

18                    THE COURT:  Counsel, do any of you have any doubts

19       as to your client's competence to plead at this time?

20                    Mr. Inserni?

21                    MR. INSERNI:  No.

22                    THE COURT:  Mr. Guzman?

23                    MR. GUZMAN:  None.

24                    THE COURT:  Mr. Sanchez?

25                    MR. SANCHEZ:  No.
```

```
 1              THE COURT:  Ms. Gonzalez, do you have any doubts

 2     as to any of the Defendants' competence to plead at this

 3     time?

 4              MS. GONZALES:  No, Your Honor.

 5              THE COURT:  Based on their answers to my questions

 6     and their appropriate demeanor, I find Defendants Abimael

 7     De Jesus-Soto, Jose Martinez-Padilla and Gabriel Soto-Rivera

 8     to be competent to enter their pleas of guilty.

 9              Did all of you receive a copy of the indictment

10     that's pending against you, the written charges that were

11     made against you in this case?

12              DEFENDANT DE JESUS:  Yes.

13              DEFENDANT MARTINEZ:  Yes.

14              DEFENDANT SOTO:  Yes.

15              THE COURT:  Did you discuss those charges with

16     your attorney?

17              DEFENDANT DE JESUS:  Yes.

18              DEFENDANT MARTINEZ:  Yes.

19              DEFENDANT SOTO:  Yes.

20              THE COURT:  Did you discuss your decision to plead

21     guilty with your attorney?

22              DEFENDANT DE JESUS:  Yes.

23              DEFENDANT MARTINEZ:  Yes.

24              DEFENDANT SOTO:  Yes.

25              THE COURT:  Are you fully satisfied with the
```

```
 1    counsel, representation and advice given to you by your
 2    attorney?
 3              DEFENDANT DE JESUS:  Yes.
 4              DEFENDANT MARTINEZ:  Yes.
 5              DEFENDANT SOTO:  Yes.
 6              THE COURT:  Gentlemen, do you remember when you
 7    first came to court, you went before a magistrate judge, and
 8    you pled not guilty to the charges?
 9              DEFENDANT DE JESUS:  Yes.
10              DEFENDANT MARTINEZ:  Yes.
11              DEFENDANT SOTO:  Yes.
12              THE COURT:  Do you understand that you can
13    maintain that plea of not guilty if you wanted to?
14              DEFENDANT DE JESUS:  Yes.
15              DEFENDANT MARTINEZ:  Yes.
16              DEFENDANT SOTO:  Yes.
17              THE COURT:  Do you understand that if you were to
18    maintain a plea of not guilty, you would have the right to a
19    trial by jury?
20              DEFENDANT DE JESUS:  Yes.
21              DEFENDANT MARTINEZ:  Yes.
22              DEFENDANT SOTO:  Yes.
23              THE COURT:  Do you understand that at the trial
24    you would be presumed to be innocent?
25              DEFENDANT DE JESUS:  Yes.
```

1               DEFENDANT MARTINEZ:  Yes.

2               DEFENDANT SOTO:  Yes.

3               THE COURT:  Do you understand that it's the

4  Government that will have to prove that you are guilty with

5  competent evidence and beyond a reasonable doubt?

6               DEFENDANT DE JESUS:  Yes.

7               DEFENDANT MARTINEZ:  Yes.

8               DEFENDANT SOTO:  Yes.

9               THE COURT:  Do you understand that at the trial

10  you would have your attorney there with you to help you in

11  your defense?

12              DEFENDANT DE JESUS:  Yes.

13              DEFENDANT MARTINEZ:  Yes.

14              DEFENDANT SOTO:  Yes.

15              THE COURT:  And that you will the right to see and

16  hear all the witnesses that would come to trial to testify?

17              DEFENDANT DE JESUS:  Yes.

18              DEFENDANT MARTINEZ:  Yes.

19              DEFENDANT SOTO:  Yes.

20              THE COURT:  And to have those witnesses

21  cross-examined in your defense?

22              DEFENDANT DE JESUS:  Yes.

23              DEFENDANT MARTINEZ:  Yes.

24              DEFENDANT SOTO:  Yes.

25              THE COURT:  And that you have the right not to

1    testify at the trial or even present any evidence, unless

2    you voluntarily elect to do so in your own defense?

3                 DEFENDANT DE JESUS:  Yes.

4                 DEFENDANT MARTINEZ:  Yes.

5                 DEFENDANT SOTO:  Yes.

6                 THE COURT:  And that you have the right to have

7    witnesses come to trial to testify on your behalf as part of

8    your defense, if necessary with a court order?

9                 DEFENDANT DE JESUS:  Yes.

10                DEFENDANT MARTINEZ:  Yes.

11                DEFENDANT SOTO:  Yes.

12                THE COURT:  Do you understand that if you were to

13    decide not to testify at the trial, or even present any

14    evidence, that cannot be used against you?

15                DEFENDANT DE JESUS:  Yes.

16                DEFENDANT MARTINEZ:  Yes.

17                DEFENDANT SOTO:  Yes.

18                THE COURT:  Do you understand that by entering a

19    plea of guilty, if I accept that plea, there will be no

20    trial?

21                DEFENDANT DE JESUS:  Yes.

22                DEFENDANT MARTINEZ:  Yes.

23                DEFENDANT SOTO:  Yes.

24                THE COURT:  Do you understand that you will have

25    waived or given up your right to a trial, as well as those

1    other rights that are associated with the trial that I just

2    mentioned to you?

3                    DEFENDANT DE JESUS:  Yes.

4                    DEFENDANT MARTINEZ:  Yes.

5                    DEFENDANT SOTO:  Yes.

6                    THE COURT:  Do you understand that by entering a

7    plea of guilty, you also waive or give up your right not to

8    incriminate yourself?

9                    DEFENDANT DE JESUS:  Yes.

10                   DEFENDANT MARTINEZ:  Yes.

11                   DEFENDANT SOTO:  Yes.

12                   THE COURT:  And the reason for that waiver is

13   because I have to ask you questions about what you did in

14   order for me to be satisfied that you are guilty.  Do you

15   understand that?

16                   DEFENDANT DE JESUS:  Yes.

17                   DEFENDANT MARTINEZ:  Yes.

18                   DEFENDANT SOTO:  Yes.

19                   THE COURT:  Do you understand that you will have

20   to acknowledge your guilt?

21                   DEFENDANT DE JESUS:  Yes.

22                   DEFENDANT MARTINEZ:  Yes.

23                   DEFENDANT SOTO:  Yes.

24                   THE COURT:  Do you understand that the offense to

25   which you are pleading guilty is a felony offense?

1    DEFENDANT DE JESUS:  Yes.

2    DEFENDANT MARTINEZ:  Yes.

3    DEFENDANT SOTO:  Yes.

4        THE COURT:  Do you understand that if I accept

5    your plea, you will be adjudged guilty of that felony

6    offense?

7    DEFENDANT DE JESUS:  Yes.

8    DEFENDANT MARTINEZ:  Yes.

9    DEFENDANT SOTO:  Yes.

10       THE COURT:  Do you understand that that

11   adjudication of guilt may deprive you of some civil rights?

12   For example, you won't be able to hold public office; you

13   won't be able to serve on a jury; you won't be able to

14   possess any kind of firearm; and if you move to a

15   jurisdiction in the United States that is not Puerto Rico,

16   you may even lose your right to vote.  Do you understand

17   that?

18   DEFENDANT DE JESUS:  Yes.

19   DEFENDANT MARTINEZ:  Yes.

20   DEFENDANT SOTO:  Yes.

21       THE COURT:  Ms. Gonzalez, would you summarize the

22   plea agreements reached with each Defendant.

23       MS. GONZALEZ:  Yes, Your Honor.  In the case of

24   Mr. De Jesus, the parties have agreed to a sentencing

25   guideline calculation that goes as follows:

1    Base offense level shall be considered to be 30

2    pursuant to U.S. sentencing guideline 2D1.1(c)(5).

3    Defendant accepts responsibility for at least 3.5 kilograms

4    but less than 5 kilograms of cocaine.

5    The facts in the case include a protection located

6    which increases the level of offense by two points pursuant

7    to section 2D1.2(a)(1), and the acceptance of responsibility

8    will be a three level decrease pursuant to section 3E1.1,

9    for a base offense level of 29.

10    In the case of Mr. De Jesus, his recommendation

11    will be a term of imprisonment of 87 months, and there is no

12    agreement as to the Criminal History Category.

13    But if his Criminal History Category is II or

14    higher, the parties agree the Defendant to be sentenced at

15    the lower end of that applicable guideline.

16    If the Criminal History Category is I, the parties

17    continue to agree to a sentence of 87 months.

18    The parties further agree that the Defendant

19    serves his Federal sentence in this case concurrently with

20    his Commonwealth of Puerto Rico sentence in cases

21    ASC-2011-G-101 and SC-2011-G-102 (sic).

22    Any other recommendation other than the one stated

23    herein will be considered a breach of the plea.

24    The Defendant De Jesus has agreed that if

25    sentenced within the guidelines, he will waive his right of

 1    appeal and that he will forfeit any proceeds or -- I am

 2    sorry, Your Honor -- any proceeds of the offenses charged

 3    which he will be severally and jointly liable with the other

 4    Defendants.

 5            MR. INSERNI:  Your Honor, if I may.  There are two

 6    corrections.  First of all, the Commonwealth cases, there is

 7    an A.  They both have the same -- it's ASC.  There is just a

 8    typo.

 9            THE COURT:  What page are you talking?

10            MR. INSERNI:  The front page, page 5, the

11    paragraph that refers to the cases, I am just saying that

12    the number cases, the second case requires an A.  It's ASC.

13            And then as to what sister counsel just read, the

14    waiver is not if the Court applies the guidelines.  The

15    waiver of appeal is if the Court sentences the Defendant

16    according to the terms, conditions and recommendations made

17    in the previous paragraph, which is at the bottom of page 5.

18            Counsel just stated that -- she mentioned the

19    guidelines.  What we are talking, the Court's recommendation

20    which includes the terms and conditions.

21            MS. GONZALEZ:  The guideline recommendations.

22            THE COURT:  Terms and conditions of the -- which

23    in the case of your client, it would be 87 months --

24            MR. INSERNI:  Correct.

25            THE COURT:  -- if he is Criminal History Category

1    I, and the lower end of the guideline if he is II or higher.

2              MS. GONZALEZ:  Yes, Your Honor.

3              MR. INSERNI:  That's correct.  And the

4    concurrency, which is part of the agreement.

5              MS. GONZALEZ:  Furthermore, the Government will

6    dismiss the remaining counts at sentencing.

7              THE COURT:  Hold on a minute.

8              MS. GONZALEZ:  That's regarding Mr. De Jesus.

9              Regarding Mr. Martinez and Soto-Rivera, the

10   guideline calculations that we are going to read apply to

11   both of them, and they are a base offense level of 26 points

12   pursuant --

13             THE COURT:  Both Mr. Martinez and Mr. Soto?

14             MS. GONZALEZ:  Mr. Martinez and Mr. Soto.

15             THE COURT:  Okay.  Go ahead.

16             MS. GONZALEZ:  A base offense level of 26 pursuant

17   to U.S. sentencing guideline 2D1.1(c)(6).

18             Defendant accepts responsibility for at least

19   500 grams but less than 2 kilograms of cocaine.  A protected

20   location enhancement of two levels will be applied pursuant

21   to 2D1.2(a)(1).

22             An acceptance of responsibility deduction will be

23   applied of three points pursuant to section 3E1.1, for a

24   base offense level of 25 on each Mr. Martinez and Mr. Soto.

25             The sentence recommendation as to Mr. Martinez and

1     Mr. Soto will be a term of imprisonment of 60 months if the

2     Defendants are Criminal History Category II or higher, the

3     parties agree that the Defendants will be sentenced to the

4     lower end of the applicable guidelines.  And any other

5     recommendation that is not stated herein would constitute a

6     breach of the plea agreement.

7           The Defendants knowingly and voluntarily will

8     waive their right to appeal the judgment and sentence in

9     their cases provided that the Defendants are sentenced

10    according to the terms and conditions set forth in the

11    sentence recommendation provision of this plea agreement.

12          The Defendants will also be agreeing to a

13    forfeiture allegation included in the indictment, and the

14    United States will be dismissing the remaining counts as to

15    both Defendant Martinez and Defendant Soto at the time of

16    sentencing.

17          MR. SANCHEZ:  Your Honor, if I may.  Prior to

18    signing, Counsel Bagge -- and Counsel Gonzalez already

19    knows, that we drafted this plea agreement concurrency on

20    the case --

21          THE COURT:  What page?

22          MR. SANCHEZ:  On the sentence recommendation,

23    Your Honor.

24          MS. GONZALEZ:  It's not included, Your Honor,

25    because at the --

1          MR. SANCHEZ:  It's not included because we didn't

2     have time to draft it, but it was part of our communications

3     by way of email.

4          MS. GONZALEZ:  We acknowledge that, Your Honor,

5     because AUSA Bagge also came over --

6          THE COURT:  Wait a minute.  What's the --

7          MR. SANCHEZ:  The sentence that Mr. Soto's case

8     has in Aquadilla.  It was given to us right now.  We didn't

9     have it, and that's why it doesn't appear there.  But we

10    have it right now.

11         MR. INSERNI:  Page 5, Your Honor.

12         MS. GONZALEZ:  Yes, Your Honor, page 5.

13         THE COURT:  So you are saying that the sentence

14    will be concurrent with --

15         MR. SANCHEZ:  There is an agreement on the plea

16    for concurrency in this case, Your Honor.

17         THE COURT:  What's the case number?

18         MR. SANCHEZ:  Case number is in the State Court of

19    Aquadilla ALA-2012-G-0075.  We were trying to reach the

20    attorney that had the case in Aquadilla, and they sent us

21    the case number as of right now.

22         THE COURT:  So I added the following sentence to

23    the sentence recommendation:

24             "The sentence will be served concurrently with the

25    sentence in Case No. ALA-2012-G-0075 before the Commonwealth

1    Court of First Instance Aquadilla Division."

2                MR. SANCHEZ:  Thank you very much, Your Honor.

3                THE COURT:  All right.  Thank you.

4                So with those clarifications made by Mr. Inserni

5    and Mr. Sanchez, Counsel, do you agree with the summary of

6    your client's plea agreement?

7                MR. INSERNI:  On behalf of Mr. Abimael

8    De Jesus-Soto, yes, Your Honor.

9                MR. GUZMAN:  Yes, Your Honor, on behalf of

10   Mr. Jose Martinez, we agree.

11               MR. SANCHEZ:  We agree, Your Honor.

12               THE COURT:  Gentlemen, do all of you agree with

13   the summary of your plea agreement that the Prosecutor

14   stated, and in the case of Mr. De Jesus and Mr. Soto,

15   clarified by your counsel?

16               DEFENDANT DE JESUS:  Yes.

17               DEFENDANT MARTINEZ:  Yes.

18               DEFENDANT SOTO:  Yes.

19               THE COURT:  Did all of you have an opportunity to

20   discuss the plea agreement with your attorney before you

21   signed it?

22               DEFENDANT DE JESUS:  Yes.

23               DEFENDANT MARTINEZ:  Yes.

24               DEFENDANT SOTO:  Yes.

25               THE COURT:  Counsel, did all of you explain the

1    plea agreement to your client in Spanish?

2              MR. INSERNI:  We translated it, yes, sir.

3              MR. GUZMAN:  Yes, I did, Your Honor.

4              MR. SANCHEZ:  Yes, we did, Your Honor.

5              THE COURT:  In addition to translate it, did you

6    explain it to him?

7              MR. INSERNI:  Fully and in detail and on various

8    occasions.

9              THE COURT:  Gentlemen, do all of you understand

10   the terms of your particular plea agreement?

11             DEFENDANT DE JESUS:  Yes.

12             DEFENDANT MARTINEZ:  Yes.

13             DEFENDANT SOTO:  Yes.

14             THE COURT:  Does your plea agreement represent in

15   its entirety all of your understandings with the Government?

16             DEFENDANT DE JESUS:  Yes.

17             DEFENDANT MARTINEZ:  Yes.

18             DEFENDANT SOTO:  Yes.

19             THE COURT:  Do you understand that the terms of

20   the plea agreement are recommendations to the Court?

21             DEFENDANT DE JESUS:  Yes.

22             DEFENDANT MARTINEZ:  Yes.

23             DEFENDANT SOTO:  Yes.

24             THE COURT:  Do you understand that I can reject

25   those recommendations without permitting you to withdraw

```
1    your plea of guilty?
2              DEFENDANT DE JESUS:  Yes.
3              DEFENDANT MARTINEZ:  Yes.
4              DEFENDANT SOTO:  Yes.
5              THE COURT:  Do you understand that I can impose a
6    sentence on you that is either more severe or less severe
7    than any sentence you may anticipate or even the sentence
8    being recommended in the plea agreement?
9              DEFENDANT DE JESUS:  Yes.
10             DEFENDANT MARTINEZ:  Yes.
11             DEFENDANT SOTO:  Yes.
12             THE COURT:  Do you understand, however, that if I
13   do sentence you according to the terms, conditions and
14   recommendations in the plea agreement, you waive or give up
15   your right to appeal your judgment or sentence?
16             DEFENDANT DE JESUS:  Yes.
17             DEFENDANT MARTINEZ:  Yes.
18             DEFENDANT SOTO:  Yes.
19             THE COURT:  Has anyone made any promise or
20   assurance to you of any kind in an effort to induce you to
21   sign the plea agreement?
22             DEFENDANT DE JESUS:  No.
23             DEFENDANT MARTINEZ:  No.
24             DEFENDANT SOTO:  No.
25             THE COURT:  Has anyone attempted in any way to
```

1    force you to sign the plea agreement?

2                    DEFENDANT DE JESUS:  No.

3                    DEFENDANT MARTINEZ:  No.

4                    DEFENDANT SOTO:  No.

5                    THE COURT:  Are all of you pleading guilty of your

6    own free will because you are guilty?

7                    DEFENDANT DE JESUS:  Yes.

8                    DEFENDANT MARTINEZ:  Yes.

9                    DEFENDANT SOTO:  Yes.

10                    THE COURT:  All three plea agreements are ordered

11   filed and taken under advisement to be considered by the

12   Court in sentencing.

13                    All three of you are charged in Count One of the

14   superseding indictment as follows:

15                    That beginning on a date that's not known but that

16   was no later in or about the year 2007 and continuing up to

17   and until the return of the indictment in 2012, in the

18   Municipality of San Sebastian and other areas near the

19   municipality, you knowingly and intentionally combined,

20   conspired and agreed with each other and with other persons,

21   known and unknown to the Grand Jury, to knowingly and

22   intentionally possess with intent to distribute controlled

23   substances in excess of 280 grams of cocaine base, known as

24   crack, in excess of 1 kilogram of heroin, in excess of

25   5 kilograms of cocaine, in excess of 100 kilograms of

1    marijuana, and a mixture or substance containing a

2    detectable amounts of alprazolam, which is commonly known as

3    Xanax, within 1,000 feet of the San Andres and Andres Mendez

4    Liciaga Public Housing Projects and other areas near and

5    within the Municipality of San Sebastian.  That's Count One

6    as charged.

7            However, based on the plea agreement,

8    Mr. De Jesus, you are being held responsible for conspiracy

9    to possess with intent to distribute at least 3.5 kilograms

10    but less than 5 kilograms of cocaine.

11            In the case of Mr. Martinez and Mr. Soto, you are

12    being held responsible for conspiracy to possess with intent

13    to distribute at least 500 grams but less than 2 kilograms

14    of cocaine.

15            Gentlemen, is that what you did?

16            DEFENDANT DE JESUS:  I didn't understand.

17            THE COURT:  Is that what you did, conspire to

18    possess with intent distribute?

19            DEFENDANT DE JESUS:  Yes.

20            DEFENDANT MARTINEZ:  Yes.

21            DEFENDANT SOTO:  Yes.

22            THE COURT:  The maximum and minimum punishment

23    that the law provides for the offense to which you want to

24    plead guilty is as follows:

25            As charged in Count One, the term of imprisonment

24

 1    is not less than ten years and not more than life, a fine

 2    not exceed $10 million, a supervised release term of at

 3    least five years and a special monetary assessment of $100

 4    for the one count to which you are pleading guilty.

 5            However, based on the stipulated and agreed amount

 6    of narcotics that you conspired to possess with intent to

 7    distribute, all three of you, the maximum and minimum

 8    penalty for the offense is a term of imprisonment of not

 9    less than five years but not more than 40 years, a fine not

10    to exceed $5 million and a term of supervised release of at

11    least four years in addition to the $100 special monetary

12    assessment because of the one count to which you are

13    pleading guilty.

14            Now, Counsel, have you discussed and explained the

15    terms of supervised release to your client.

16            MR. INSERNI:  Yes, sir.

17            MR. GUZMAN:  Yes, sir, I did.

18            MR. SANCHEZ:  Yes, sir.

19            THE COURT:  Gentlemen, on the date that you are

20    sentenced, in addition to any term of imprisonment that I

21    may impose upon you, I will also impose upon you a term of

22    what we call supervised release.  That term will commence

23    once you are released from prison.

24            During that term you will be under the supervision

25    of a probation officer, and you will have to comply with

```
1    certain conditions that I will also impose upon you on the

2    date that you are sentenced.

3              If you violate any of those conditions, the

4    probation officer will tell me, and I can revoke your term

5    of supervised release and send you back to prison.

6              Do all of you understand that?

7              DEFENDANT DE JESUS:  Yes.

8              DEFENDANT MARTINEZ:  Yes.

9              DEFENDANT SOTO:  Yes.

10             THE COURT:  Do all of you understand all those

11   serious possible consequences of your plea of guilty?

12             DEFENDANT DE JESUS:  Yes.

13             DEFENDANT MARTINEZ:  Yes.

14             DEFENDANT SOTO:  Yes.

15             THE COURT:  Do all of you understand that

16   sentencing within the sentencing guidelines is a matter for

17   the Court to decide?

18             DEFENDANT DE JESUS:  Yes.

19             DEFENDANT MARTINEZ:  Yes.

20             DEFENDANT SOTO:  Yes.

21             THE COURT:  Have you and your attorney talked

22   about how the sentencing guidelines might apply to your

23   case?

24             DEFENDANT DE JESUS:  Yes.

25             DEFENDANT MARTINEZ:  Yes.
```

```
 1              DEFENDANT SOTO:  Yes.

 2              THE COURT:  Do you understand that I won't be able

 3    to determine what the guideline sentence for your case will

 4    be until after I receive a pre-sentence investigation report

 5    from the probation officer?

 6              DEFENDANT DE JESUS:  Yes.

 7              DEFENDANT MARTINEZ:  Yes.

 8              DEFENDANT SOTO:  Yes.

 9              THE COURT:  Do you understand that the sentence

10    that I may impose may be different from what is being

11    recommended in the plea agreement and even different from

12    any estimate that your attorney may have given you?

13              DEFENDANT DE JESUS:  Yes.

14              DEFENDANT MARTINEZ:  Yes.

15              DEFENDANT SOTO:  Yes.

16              THE COURT:  Do you understand that even after your

17    guideline sentencing range has been determined, I can in

18    some circumstances depart from the guidelines and impose a

19    sentence on you that is either more severe or less severe

20    than the sentence called for by the guidelines?

21              DEFENDANT DE JESUS:  Yes.

22              DEFENDANT MARTINEZ:  Yes.

23              DEFENDANT SOTO:  Yes.

24              THE COURT:  Do you understand that parole has been

25    abolished?
```

1          DEFENDANT DE JESUS:  Yes.

2          DEFENDANT MARTINEZ:  Yes.

3          DEFENDANT SOTO:  Yes.

4          THE COURT:  If you are sentenced to prison, you

5     will not be released on parole.  Do you understand that?

6          DEFENDANT DE JESUS:  Yes.

7          DEFENDANT MARTINEZ:  Yes.

8          DEFENDANT SOTO:  Yes.

9          THE COURT:  Ms. Gonzalez, has the Government

10    provided full and complete discovery to counsel?

11          MS. GONZALEZ:  Yes, Your Honor, the Government

12    has.

13          THE COURT:  Would you please give a brief

14    explanation of the theory to be presented to prove each of

15    these Defendants guilty if a trial were to be held.

16          MS. GONZALEZ:  Yes, Your Honor.  The following

17    statement of facts will apply to all three Defendants, and I

18    will go into detail as to each one and advise the Court as I

19    go.

20          The general statement of facts that applies to all

21    Defendants are as follows:

22          The Defendants agree to plead guilty to Count One

23    of the superseding indictment and agree that the United

24    States would prove at trial that beginning on a date unknown

25    but no later in or about the year 2007 and continuing up to

and until the return of the instant superseding indictment,

in the Municipality of San Sebastian and other areas nearby

in the District of Puerto Rico and elsewhere within the

jurisdiction of the Court, Defendants did knowingly and

intentionally combine, conspire and agree with each other,

and with diverse other persons known and under known to the

Grand Jury, to commit an offense against the United States,

that is, to knowingly and intentionally possess with intent

to distribute controlled substances, to wit, in excess of

280 grams of cocaine based crack, a Schedule II narcotic

drug controlled substance; in excess of 1 kilogram of

heroin, a Schedule I narcotic drug controlled substance; in

excess of 5 kilograms of cocaine, a Schedule II narcotic

drug controlled substance; in excess of 100 kilograms of

marijuana, a Schedule I controlled substance; and a mixture

or substance containing detectable amounts of alprazolam,

commonly known as Xanax, a Schedule V controlled substance,

within 1,000 feet of a real property comprising the

San Andres and Andres Mendez Liciaga Public Housing

Projects, housing facilities owned by the Public Housing

Authority, and other areas nearby within the Municipality of

San Sebastian, Puerto Rico, all in violation of Title 21,

U.S. Code sections 841(a)(1), 846 and 860.

        The object of the conspiracy was to distribute

controlled substances at the San Andres Public Housing

1    Project, commonly known as "El Condo", and Andres Mendez

2    Liciaga Public Housing Project, commonly known as "El

3    Caserio", and other areas and within the Municipality of

4    San Sebastian, Puerto Rico, all of it for significant

5    financial gain and profit.

6         As to the Defendant Abimael De Jesus-Soto,

7    Defendant acknowledges that it was foreseeable that the

8    conspiracy involved 5 kilograms or more cocaine.

9         Furthermore, the Defendant was a runner for a

10    co-Defendant in which he would deliver packages of narcotics

11    from a storage facility to other members of the conspiracy

12    for sale and distribution at the drug point.  Defendant

13    would also sell marijuana and cocaine at the Mendez Liciaga

14    Public Housing Project.

15         On December 2010, Police of Puerto Rico seized

16    21 bags of marijuana and 34 bags of cocaine from Defendant's

17    possession.

18         At trial the United States would have proven

19    beyond a reasonable doubt that Defendant Abimael De

20    Jesus-Soto is guilty as charged in Count One of the

21    superseding indictment by presenting physical evidence and

22    documentary evidence, photographs, audio and video

23    recordings, testimony of forensic chemists and

24    expert witnesses, as well as the testimony of law

25    enforcement agents, among others.  And full discovery was

1    provided in this case.

2         As to the Defendant Jose Martinez-Padilla, the

3    Government would have proven beyond a reasonable doubt, and

4    Defendant acknowledges, that it was foreseeable that the

5    conspiracy involved 5 kilograms or more of cocaine.

6         Furthermore, the Defendant had been a seller at

7    the drug point for several years.  Defendant sold marijuana,

8    cocaine and Xanax at the drug point.

9         On January 1, 2010, Police of Puerto Rico Officers

10   seized 18 pink-colored baggies of cocaine and 6 baggies of

11   marijuana from Defendant Martinez.

12        At the trial the United States would have proven

13   beyond a reasonable doubt that the Defendant is guilty as

14   charged in Count One of the superseding indictment by

15   presenting physical and documentary evidence, photographs,

16   audio and video recordings, testimony of forensic chemists,

17   expert witnesses, as well as testimony of law enforcement

18   agents.

19        And in the case of Defendant Gabriel Soto-Rivera,

20   the United States would have proven beyond a reasonable

21   doubt, and Defendant acknowledges, that it was foreseeable

22   that the conspiracy involved 5 kilograms or more of cocaine.

23        Furthermore, the Defendant had been a seller at

24   the drug point for several years.  Defendant sold heroin,

25   cocaine and marijuana at the drug point.  Defendant would

1    help the conspiracy by packaging narcotics and preparing

2    them for their sale and distribution.

3              At trial the United States would have proven the

4    elements of the offense as charged in Count One of the

5    superseding indictment by presenting physical and

6    documentary evidence, photographs, audio and video

7    recordings, testimony of forensic chemists as

8    expert witnesses, as well as testimony of law enforcement

9    agents.

10             Full discovery to prove these allegations have

11    been provided to all Defendants in this case.

12             THE COURT:  Gentlemen, do you agree with the

13    Government's version that you just heard?

14             DEFENDANT DE JESUS:  Yes.

15             DEFENDANT MARTINEZ:  Yes.

16             DEFENDANT SOTO:  Yes.

17             THE COURT:  Is that what you did?

18             DEFENDANT DE JESUS:  Yes.

19             DEFENDANT MARTINEZ:  Yes.

20             DEFENDANT SOTO:  Yes.

21             THE COURT:  Do you still want to plead guilty?

22             DEFENDANT DE JESUS:  Yes.

23             DEFENDANT MARTINEZ:  Yes.

24             DEFENDANT SOTO:  Yes.

25             THE COURT:  Mr. De Jesus, how do you plead to the

1    charges before the Court?  Guilty or not guilty?

2            DEFENDANT DE JESUS:  Guilty.

3            THE COURT:  Mr. Martinez, how do you plead to the

4    charges before the Court?  Guilty or not guilty?

5            DEFENDANT MARTINEZ:  Guilty.

6            THE COURT:  Mr. Soto, how do you plead to the

7    charges before the Court?  Guilty or not guilty?

8            DEFENDANT SOTO:  Guilty.

9            THE COURT:  It's the fining of the Court in the

10   case of the United States versus Abimael De Jesus-Soto, Jose

11   Martinez-Padilla and Gabriel Soto-Rivera that all three

12   Defendants are fully competent and capable of entering

13   informed pleas, that they are aware of the nature of the

14   charges and the consequences of their plea, and that their

15   please of guilty are knowing and voluntary ones supported by

16   an independent basis in fact containing each of the

17   essential elements of the offense.  Their pleas are,

18   therefore, accepted, and they are now adjudged guilty of the

19   offense.

20           The Court orders a pre-sentence investigation

21   report to be prepared by the probation office to assist the

22   Court in sentencing.

23           It's very important, gentlemen, that you cooperate

24   with the probation officer in the preparation of this

25   report.  Your attorney may accompany you during and help you

```
 1    with your participation with the probation officer assigned

 2    to your case.

 3              Do you understand that?

 4              DEFENDANT DE JESUS:  Yes.

 5              DEFENDANT MARTINEZ:  Yes.

 6              DEFENDANT SOTO:  Yes.

 7              THE COURT:  Now, I understand that the probation

 8    officer will interview you right after you leave the

 9    courtroom in the marshal's office cell block.

10              May I have a sentencing date, please.

11              THE CLERK:  April 17, 2013, at 9:00 a.m.

12              THE COURT:  Sentence on April 17, 2013, at

13    9 o'clock in the morning.

14              Anything else, Counsel?

15              MR. INSERNI:  No.

16              MR. GUZMAN:  No.

17              MR. SANCHEZ:  No.

18              THE COURT:  You are excused.  Thank you.

19

20              (PROCEEDINGS ADJOURNED AT 4:25 P.M.)

21

22

23

24

25
```

1    UNITED STATES DISTRICT COURT.)
                                  )  ss.
2    OF PUERTO RICO               )

3

4

5                    **REPORTER'S CERTIFICATE**

6

7

8             I, JOE REYNOSA, do hereby certify that the above

9    and foregoing, consisting of the preceding 33 pages,

10   constitutes a true and accurate transcript of my

11   stenographic notes and is a full, true and complete

12   transcript of the proceedings to the best of my ability.

13            Dated this 26th day of September, 2013.

14

15                              _____S/Joe Reynosa_____
                                Joe Reynosa
16                              Official Court Reporter
                                85 Calle Caribe, Apt 401
17                              San Juan, PR   00907
                                808-255-4840
18

19

20

21

22

23

24

25